IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND COLSON, | § | |
| | § | |
| Defendant Below, | § | No. 283, 2021 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1507022018 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: October 5, 2021
Decided: October 15, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On September 8, 2021, the appellant, Raymond Colson, filed this appeal from an order dated June 23, 2021 and docketed on June 24, 2021, that denied his second motion for postconviction relief. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before July 26, 2021.

(2) On September 9, 2021, the Senior Court Clerk issued a notice directing Colson to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Colson states that he lacks education regarding

the law and the legal process and that restrictions imposed in the prison because of the COVID-19 pandemic, including an unspecified period of quarantine, interfered with his access to the law library. The Court directed the State to respond. The State contends that the untimeliness of this appeal is not attributable to court-related personnel. The State has also provided prison documents showing that on July 7, 2021, Colson submitted a request for a law-library appointment, and that he attended the requested appointment on July 13, 2021.

(3)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] Moreover, contrary to Colson's contention that pandemic-related restrictions prevented him from accessing the law library, Colson requested and attended a law-library appointment within the time for filing his appeal. The failure to file a timely appeal in this case is not attributable to court-related personnel.[4]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] Del. Supr. Ct. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *See Whiteman v. State*, 2021 WL 129945 (Del. Jan. 11, 2021) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that his efforts to file a notice of appeal were delayed because of prison restrictions related to the COVID-19 pandemic, "including imposition of a fourteen-day quarantine period following his transfer from the violation-of-probation center and limited access to the law library"). *See also Parker v. State*,

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

2021 WL 4495821 (Del. Sept. 30, 2021) (similar); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that he had to wait several weeks before gaining access to the prison law library).